## United States Court of Appeals for the Third Circuit

| | | |
|---|---|---|
| Stephanie Jones | : | |
| | : | |
| v. | : | No. 20-3388 |
| | : | |
| Fox Rothschild LLP, et al. | : | |

## Appellant's Response to the Order Dated November 25, 2020

Appellant, Stephanie Jones, by and through her attorney, hereby submits this Response to the Order dated November 25, 2020.

### I. Background Facts and Procedural History

Appellant, Stephanie Jones, worked in Appellee, Fox Rothschild LLP's, New Jersey office as a Legal Administrative Assistant. Appellee, Ian W. Siminoff, was an attorney working in Fox's New Jersey office. Beginning in 2014, Siminoff began engaging in inappropriate sexual discussions with Ms. Jones, sending her sexually explicit text messages and forcibly touching her breasts and genitals. Ms. Jones complained to Fox's Office Administrator, who told her "that if she was unhappy at Fox, she should look for another job." Fox terminated Ms. Jones's employment on June 21, 2017.

Ms. Jones initially filed suit against Fox and Siminoff in the United States District Court for the Southern District of New York. On May 18, 2020, the case was transferred to the United States District Court for the District of New Jersey. In the Complaint, Ms. Jones alleges a violation of Title VII of the Civil Rights Act of 1964 (Count I), violation of the New York State Human Rights Law (Count II), violation of the New York City Human Rights Law (Count III), violation of the New Jersey Law Against Discrimination (Counts IV and V), assault and battery against Siminoff only (Count VI), negligent infliction of emotional distress (Count VII),

intentional infliction of emotional distress (Count VIII), and negligent supervision and retention against Fox only (Count IX). On October 21, 2020, in response to Motions to Dismiss filed by Fox and Siminoff, the district court dismissed Counts IV through IX with prejudice, and granted Ms. Jones leave to amend the Complaint with respect to Counts I (as to Fox only), II and III.

On November 20, 2020, Ms. Jones timely appealed to this Court from the district court's dismissal with prejudice of Counts IV, V, VI and VIII of the Complaint. On November 25, 2020, the Court entered the following Order:

> The above-captioned appeal is from the district court's October 21, 2020, order. This order does not appear to have fully dismissed count I of the plaintiff's complaint, and it granted leave to amend other claims. The order may therefore not be final within the meaning of 28 U.S.C. § 1291 or otherwise appealable. See, e.g., Berckeley Inv. Grp., Ltd. V. Colkitt, 259 F.3d 135, 140 (3d Cir. 2001) ("Ordinarily, an order which terminates fewer than all claims, or claims against fewer than all parties, does not constitute a 'final' order."). All parties must file written responses addressing this issue within fourteen days from the date of this order.

## II.    Argument

Ms. Jones contends that this Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291, which confers appellate jurisdiction over appeals from all final decisions of the district courts. Although an order that terminates fewer than all claims, or claims against fewer than all parties, ordinarily does not constitute a final order, Federal Rule of Civil Procedure 54(b) permits an appellate court to exercise jurisdiction over an order that constitutes a partial final judgment of less than all of the claims. That is, under Rule 54(b), when an action presents more than one claim for relief, a district court "may direct the entry of a final judgment as to one or more, but fewer than all, claims upon determination that 'there is not just reason for delay.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980).

Although Ms. Jones did not move below for entry of a final judgment as to the claims that are the subject of this appeal, the case law developed in connection with Rule 54(b) is

relevant to determining whether the Court should exercise jurisdiction over this appeal. The first step in evaluating a Rule 54(b) motion is for the court to determine that it is dealing with a "final judgment, … in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id*. at 7-8. After determining finality, the court must next determine whether there is any just reason for delay. In making this determination, the court "must take into account judicial administrative interests as well as the equities involved." *Id*. at 8. In that regard, Rule 54(b) certification is proper where it will aid "expeditious decision" of the case. See *Sheehan v. Atlanta Int'l Ins. Co*., 812 F.2d 4654, 468 (9th Cir. 1987).

In *Allis-Chalmers Corp. v. Philadelphia Elec. Co*., 521 F.2d 360 (3d Cir. 1975), this Court announced an illustrative list of factors that should be considered in determining whether Rule 54(b) certification is appropriate, including:

1. the relationship between the adjudicated and unadjudicated claims;
2. the possibility that the need for review might or might not be mooted by future developments in the district court;
3. the possibility that the reviewing court might be obliged to consider the same issue a second time;
4. the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; and
5. miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id*. at 364. This Court made clear that "depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in" determining whether to certify a judgment as final under Rule 54(b). *Id*. Consideration of the relevant *Allis-Chalmers* factors to the district court's October 21, 2020 Order indicates that it was susceptible of Rule 54(b) certification.

With respect to the first factor, except with respect to Counts IV and V, which assert claims under the NJLAD, there is no relationship between the dismissed Assault & Battery (Count VI) and IIED (Count VIII) claims that would indicate that Rule 54(b) certification would not have been appropriate. Although the facts relevant to Counts VI and VIII are implicated, to an extent, in the claims advanced in Counts I, II and III, they are sufficiently distinct and dissimilar claims with distinct elements Ms. Jones would need to prove in order to prevail.[1] In this case, the need to streamline issues is significant, and thus judicial administrative interests would be satisfied by finding that Rule 54(b) certification would have been appropriate.

With respect to the second factor, the need for review of the October 21, 2020 Order will not be mooted by any future development in the district court.

With respect to the third factor, given the basis of the district court's dismissal of the claims under appeal, the applicable statutes of limitations, there is no possibility that either the district court or this Court might be obliged to consider the same issue a second time.

With respect to the fourth factor, there are no counterclaims below, and there are no claims that could result in set-off against the claims that are the subject of this appeal.

The various miscellaneous factors militate in favor of finding that Rule 54(b) certification would have been appropriate. The Covid-19 pandemic effectively has placed on indefinite hold cases in which there is a demand for a jury trial, such as this case. This holding pattern weighs in favor of finding no just reason for delay in considering the merits of Ms. Jones's appeal. This

---

[1] In fact, some courts have determined that a requirement of complete distinctiveness between the dismissed and remaining claims represents "an outdated and overly restrictive view of the appropriateness of Rule 54(b) certification." See *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991). For the Ninth Circuit, for example, Rule 54(b) requires a "pragmatic approach focusing on severability and efficient judicial administration." *Continental Airlines v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987). See also *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) ("claims certified for appeal do not need to be separate and independent from the remaining claims, so long as resolving the claims would streamline the ensuing litigation").

conclusion is particularly so because this appeal can proceed largely unimpeded through briefing, argument and decision. Moreover, allowing the appeal to proceed would avoid the risk of a second trial with the same participants in the event the dismissals are subsequently reversed, which is certainly a less-than-ideal outcome given the significant health risks posed by the coronavirus and the corresponding impracticality of holding jury trials.

In addition, because this appeal would likely endure an indeterminate delay caused by the Covid-19 pandemic, finding that Rule 54(b) certification would have been appropriate is reasonable. The granting of an immediate appeal would avoid the possibility of two trials – a possibility that would be inefficient and potentially dangerous from a health standpoint because of the Covid-19 pandemic. Moreover, it would be harsh and unjust for Ms. Jones's opportunity to appeal to be delayed unnecessarily and for an uncertain duration due to the pandemic, when the date of a future trial on the remaining claims is uncertain.

Allowing the separate issues raised by the October 21, 2020 Order to go through the appeal process without delay also would permit this case to move forward in accordance with equity during the pandemic. Although moving forward with a trial on the remaining claims would be difficult, moving forward expeditiously with an appeal on the dismissed claims would not be.

**III.     Conclusion**

For the foregoing reasons, Appellant, Stephanie Jones, respectfully requests that the Court permit this appeal to proceed under either 28 U.S.C. § 1291 or as if the October 21, 2020 Order had been certified as a final judgment pursuant to Fed. R. Civ. P. 54(b).

Respectfully submitted,

  *s/Robert T Vance Jr*
Robert T Vance Jr
Law Offices of Robert T Vance Jr
100 South Broad Street, Suite 1525
Philadelphia PA 19110
215 557 9550 tel / 215 278 7992 fax
rvance@vancelf.com

*Attorney for Appellant Stephanie Jones*